UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>MARTANE WADE,<br>　　　　　　　　　　Defendant. | Case No. 2:18-cr-00155-MMD-DJA<br><br>ORDER |

**I.　SUMMARY**

Defendant Martane Wade, who is not a pretrial detainee, has moved for an order immediately granting his temporary release due to the coronavirus disease 2019 ("COVID-19") pandemic under 18 U.S.C. § 3142(i) ("Motion"). (ECF No. 89.)[1] The Court has considered the government's response (ECF No. 91) and Wade's reply (ECF No. 92). The Court finds that § 3142(i) does not apply to Wade and he has otherwise established no compelling or exceptional reason for the Court to grant him temporary release. The Court will therefore deny the Motion.

**II.　BACKGROUND**

The following background facts are undisputed and are referenced in both parties' briefing (*see* ECF No. 89 at 1 n.1; ECF No. 91 at 1–2).

Wade is a post-plea defendant detained at the Nevada Southern Detention Center ("NSDC"). On September 6, 2019, Wade entered pleas of guilty to both counts of a two-count superseding information charging him in Count One with possession with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A) and in Count Two with being a felon in possession of two firearms. (ECF No.

///

---

[1] The Motion was brought as an emergency motion, but the Court concluded that it was not and directed the normal briefing schedule. (*See* ECF No. 90.)

73.) The Court ordered him remanded into custody pending sentencing, which is currently scheduled for June 19, 2020. (*Id.*)

Based on his pleas of guilty and criminal history, Wade is facing a mandatory minimum sentence of 120 months (about 10 years) in custody. Prior to his pleas, Wade had been detained as a flight risk and a danger to the community. (*See* ECF No. 14.)

## III. DISCUSSION

Under § 3142(i), a "judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). However, the section "by its terms applies to pre-trial unconvicted detainees. By its plain language it does not apply to [§] 3143 which governs the detention after conviction." *United States v. Gerrans*, No. 18-CR-00310-EMC-1, 2020 WL 1865420, at *1 (N.D. Cal. Apr. 14, 2020) (citation omitted). Here, Wade has pleaded guilty and is merely waiting to be sentenced at this juncture. The Court accordingly finds that Wade cannot seek relief under § 3142(i) because he is no longer a pretrial detainee.

Because Wade's Motion is brought solely under § 3142(i), the Court need not further consider whether relief is warranted under other provisions. Nonetheless, as the government argues (*see generally* ECF No. 91), the Court additionally finds that Wade is also not entitled to relief under the relevant provisions—18 U.S.C. § 3143(a)(1), (2) or 18 U.S.C. § 3145(c).

Under § 3143(a)(1), a person who is awaiting sentence may be granted release where "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [§] 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). Wade was previously determined to be a flight risk and a danger to the community. (*See* ECF No. 14.) Wade's Motion offers no new information to cause the Court to change such finding. Wade therefore cannot obtain relief under § 3143(a)(1).

Under subsection (a)(2), a person convicted and awaiting sentence should be *detained unless*: 1) there is a substantial likelihood that a motion for acquittal or new trial will be granted; or 2) the government makes a recommendation of no imprisonment; *and* 3) there is clear and convincing evidence that Wade is not a flight risk or danger to the community. 18 U.S.C. § 3143(a)(2). Again, Wade cannot meet the third factor. Nor do the two other factors apply here (or have been met). Accordingly, Wade is not entitled to relief under § 3143(a)(2).

Lastly, § 3145(c) provides that "[a] person subject to detention pursuant to [§] 3143(a)(2) or (b)(2), *and* who meets the conditions of release set forth in [§] 3143(a)(1) or (b)(1),[2] may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added). Based on the Court's finding above concerning § 3143(a)(1)—that Wade does not meet its conditions for release—§ 3145(c) plainly does not apply. Even if Wade had met § 3143(a)(1)'s release requirements, he has not clearly shown that there are exceptional reasons why his current detention is not appropriate, as separately required under § 3145(c). Nothing in Wade's Motion supports a conclusion that, as to him, COVID-19 is an exceptional reason for his release. (*See generally* ECF No. 89.) COVID-19 is simply an exceptional occurrence as to all. To be sure, beyond the fact of COVID-19 and describing the conditions at NSDC, Wade argues no individualized circumstance(s) or illness(es) that uniquely sets him apart from all the other inmates at NSDC—particularly concerning the Center for Disease Control and Prevention's description of high risk individuals[3]—to

///

///

---

[2]Section 3143(b)(1) concerns release pending appeal and is therefore not at issue here.

[3]*See* Center for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html (describing higher risk populations) (last visited May 19, 2020).

3

warrant relief under § 3145(c).[4] Therefore, the Court additionally finds that temporary release is not warranted under this section.

In short, Wade has not demonstrated under any applicable provision that he should be released pending his sentencing.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Wade's motion for temporary release under § 3142(i) (ECF No. 89) is denied.

DATED THIS 19th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The same would be true if the Court had considered the existence of "compelling" reasons under § 3142(i). *See, e.g., United States v. Villegas*, No. 2:19-CR-568-AB, 2020 WL 1649520, at * 2 (C.D. Cal. Apr. 3, 2020) (collecting cases) ("But nothing in the Bail Reform Act, including [§] 3142(i), authorizes pretrial release under these generic pandemic conditions that—while undeniably grave—apply across the board to every pretrial detainee in federal custody.").